UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


YOUNG BOK SONG                     ]
      Plaintiff,                   ]
                                   ]
v.                                 ]          No. 3:09-0239
                                   ]          Judge Campbell
DET. BRETT M. GIPSON, et al.       ]
      Defendants.                  ]


M E M O R A N D U M


The plaintiff, proceeding *pro se*, is an inmate at the
Northeast Correctional Complex in Mountain City, Tennessee. He
brings this action pursuant to 42 U.S.C. § 1983 against Brett
Gipson, a detective in the Nashville Metropolitan Police
Department; and two unnamed officers in the Fugitive Division of
the Nashville Metropolitan Police Department; seeking declaratory,
injunctive and monetary relief.[1]

In November, 2003, the plaintiff was arrested in North
Carolina pursuant to warrant issued by the Nashville Metropolitan
Police Department. The plaintiff was returned to Nashville where he
stood trial for rape.[2] He was convicted and sentenced to sixty five

---

[1] While the plaintiff does not state the statutory basis for
his claims in the body of the complaint, he does so on the
Contents page of the complaint. Docket Entry No.11 at pg.12.

[2] The plaintiff did not specify why the arrest warrant had
been issued. However, exhibits to the complaint show that the
plaintiff had been accused of raping a minor female friend of his
family. *See* Docket Entry No.11 at pg.74.

(65) years in prison. The plaintiff declares that he was innocent of the charge and suggests that he was denied a fair trial.

In order for the plaintiff to obtain § 1983 relief for an allegedly unconstitutional conviction or confinement, he must first prove that the conviction or confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). The plaintiff has offered nothing to suggest that his conviction has already been declared invalid. Therefore, the plaintiff's claims are not yet cognizable in a § 1983 action.

The plaintiff has failed to state a claim upon which § 1983 relief may be granted. Under such circumstances, the Court is obliged to dismiss this action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Todd Campbell
United States District Judge